**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0016-18T1

HAMILTON TOWNSHIP
SUPERIOR OFFICERS
ASSOCIATION and
JAMES WALTERS,

      Plaintiffs-Appellants,

v.

TOWNSHIP OF HAMILTON,

      Defendant-Respondent.

_____

Argued September 24, 2019 – Decided November 7, 2019

Before Judges Hoffman and Currier.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Docket No. L-2539-17.

Paul Lewis Kleinbaum argued the cause for appellants (Zazzali Fagella Nowak Kleinbaum & Friedman, attorneys; Paul Lewis Kleinbaum, of counsel and on the briefs; Marissa A. Mc Aleer, on the brief).

Catherine P. Wells argued the cause for the respondent (Chiesa Shahinian & Giantomasi PC, attorneys; Michael P. Balint and Bruce R. Darvas, on the brief).

Craig Scott Gumpel argued the cause for amicus curiae New Jersey State Firefighters Mutual Benevolent Association.

PER CURIAM

In 1992, plaintiff James Walters began his employment with the police department of defendant Township of Hamilton (Township). After rising through the ranks, he was promoted to Sergeant in 2014 and became a member of the Hamilton Township Superior Officers Association (SOA). As a result, he was subject to the collective negotiation agreement (CNA) governing members of the SOA. When Walters retired in 2017, the Township informed him that, under N.J.S.A. 40A:10-21.1 (the statute or Chapter 78), he was required to contribute to his health benefits. He was not eligible for employer-paid health insurance as he had expected.

Walters believed he was exempt from the statute and instituted suit. The trial judge granted summary judgment to the Township, finding Walters did not meet the statute's exceptions and he was required to make the mandatory contributions in retirement towards his health insurance. After reviewing the contentions in light of the record and applicable principles of law, we affirm.

When enacted in 2011, Chapter 78, codified at N.J.S.A. 40A:10-21.1, "change[d] the manner in which the State-administered retirement systems[]

operate[d] and . . . the benefit provisions of those systems." Div. of Pensions & Benefits, Pension and Health Benefits Reform, N.J. Dep't of Treasury, https://www.state.nj.us/treasury/pensions/reform-2011.shtml (last updated Sept. 27, 2019). Prior to the passage of Chapter 78, the issue of contributions for health care coverage for active and retired employees was a negotiable subject for unionized employees. Chapter 78 removed the issue from the negotiation table and implemented mandatory contributions levels, up to thirty-five percent of the cost of premium coverage. The statute required all active public employees, and most employees who retired after its adoption, to contribute to their health care coverage. The only employees exempted from Chapter 78's mandatory contributions were those who had accrued twenty or more years of service in a State or locally-administered retirement system on the effective date of the statute, June 28, 2011. N.J.S.A. 40A:10-21.1(b)(3).

The health insurance contributions mandated by Chapter 78 commenced on June 28, 2011, or upon the expiration of any CNA in effect on that date. The mandatory contributions were subject to a four-year phase-in period beginning either on the statute's effective date or upon the expiration of any CNA in effect on that date. N.J.S.A. 40A:10-21.1(a), (d).

A-0016-18T1

The four-year phase-in period required: 1) one-fourth of full contribution in the first year; 2) one-half of full contribution in the second year; 3) three-fourths of full contribution in the third year; and 4) full contribution in the fourth year. N.J.S.A. 40A:10-21.1(a). "[F]ull implementation" occurred upon completion of the four-year phase-in period. N.J.S.A. 40A:10-21.1(d). While Chapter 78 included a sunset provision,[1] meaning a law with a designated expiration date, employees under a CNA remained subject to the four-year phase-in period until full implementation. See ibid.; see also Ridgefield Park Bd. of Educ. v. Ridgefield Park Educ. Ass'n, 459 N.J. Super. 57, 63 (App. Div. 2019). After full implementation, the mandatory contribution levels returned to the bargaining table and were subject to future negotiations. N.J.S.A. 40A:10-21.2.

Against that backdrop, we turn to the facts regarding Walters' employment, including the several CNAs in effect during Chapter 78's tenure. When the statute went into effect on June 28, 2011, Walters was a member of the Hamilton Policemen's Benevolent Association Local 66, subject to a CNA

---

[1] "This act shall take effect immediately, and sections 39 through 44, inclusive, shall expire four years after the effective date." P.L. 2011, c. 78, § 83. Despite the statute's expiration, certain provisions, including the implementation period, remained applicable. N.J.S.A. 40A:10-21.2.

(PBA CNA). That CNA expired on June 30, 2013. When Walters was promoted to Sergeant, he was subject to a SOA CNA (SOA CNA #1), in effect until December 31, 2016. Upon SOA CNA #1's expiration, Walters' employment was governed by SOA CNA #2, effective until December 31, 2018.

The "Insurance" clause of SOA CNA #1 and #2 states at Article XIII 1(a): "The Employer shall continue to provide medical insurance, including prescription, dental and vision. Pursuant to [Chapter 78], though, employees are now required to contribute a portion of their salaries toward the costs of health insurance at a rate set forth in Chapter 78." Article XIII 1(h) provides: "The Township shall provide full medical and drug plans for retired employees and their families in accordance as set forth in this Agreement."

When Walters retired on July 1, 2017, he had twenty-five years and one month of service in the Police and Firemen's Retirement System.

As there were no facts in dispute, the parties moved for summary judgment. After consideration of the arguments, the trial judge found Walters had not served twenty years in a retirement system at the time of Chapter 78's effective date and he was therefore not exempt from the statute's terms. He also determined that the four-year phase-in period under Chapter 78 was still in place when Walters retired on July 1, 2017. Because Walters was subject to PBA

CNA on the statute's effective date, the four-year phase-in period did not begin for him until the expiration of that CNA on June 30, 2013. However, when the phase-in period expired, Walters was still subject to SOA CNA #2, which required employees and retirees to make the Chapter 78 mandatory health insurance contributions. SOA CNA #2 remained in effect through December 2018.

In addressing plaintiffs' argument that Article XIII 1(h) obligated the Township to provide full health care benefits, the judge noted the section further stated it would provide benefits in accordance with "the Agreement," in reference to Article XIII 1(a).

Following the grant of summary judgment to defendant, plaintiffs moved for reconsideration. The judge reiterated his determination that Chapter 78's mandatory contributions were still applicable to Walters at the time of his retirement because SOA CNA #2 remained in effect, despite the expiration of the statute's four-year phase-in period. The judge also found there was no breach of contract and plaintiffs were not entitled to any equitable remedies.

On appeal, plaintiffs argue that: 1) Walters is entitled to employer-paid health insurance under Chapter 78's sunset provision, or, in the alternative, Walters is not required to contribute to health insurance after retirement because

full implementation of the statute was reached prior to the expiration of SOA CNA #1 in December 2016; 2) Walters is entitled to employer-paid health insurance during retirement, pursuant to N.J.S.A. 40A:10-21.1(b); 3) defendant breached its agreement to provide employer-paid health insurance; and 4) equitable estoppel considerations entitle Walters, and other similarly situated employees, to employer-paid health insurance after retirement.[2]

Plaintiffs initially contend that N.J.S.A. 40A:10-21.1 does not apply to Walters because he retired more than two years after the expiration of Chapter 78. We disagree.

Even though Chapter 78 expired on June 28, 2015, the statute remained effective through its four-year phase-in period. As previously stated, under N.J.S.A. 40A:10-21.1(d), health insurance contributions mandated by Chapter 78 commenced on June 28, 2011, or upon the expiration of any CNA in effect on that date. The mandatory contributions were subject to a four-year phase-in period. N.J.S.A. 40A:10-21.1(a).

Since PBA CNA was in effect on June 28, 2011, the four-year phase-in period for Walters did not start until the expiration of that agreement on June

---

[2] Amicus New Jersey State Firefighters Mutual Benevolent Association joined in plaintiffs' arguments regarding Chapter 78's implementation date and its sunset provision.

30, 2013. Upon Walters' promotion to Sergeant in 2014, he became subject to SOA CNA #1. When SOA CNA #1 expired on December 31, 2016, the four-year phase-in period applicable to him was not yet completed. When the four-year phase-in period did conclude, on July 1, 2017, Walters was under the governance of the CNA in effect at that time, SOA CNA #2. Although Walters retired on the same day that the four-year phase-in period concluded, SOA CNA #2 remained in effect. SOA CNA #2 required employees and retirees to make the contributions mandated under Chapter 78. The sunset provision, therefore, was not applicable to Walters.

Plaintiffs further contend that full implementation of the phase-in period was reached on July 1, 2016, prior to the effective date of SOA CNA #2 on January 1, 2017, therefore entitling him to employer-paid health insurance benefits upon his retirement under SOA CNA #2 Article XIII 1(h). However, since the four-year phase-in period did not begin until the expiration of the PBA CNA on June 30, 2013, full implementation was not reached until July 1, 2017. At that time, Walters remained submit to SOA CNA #2.

As noted, the ability to negotiate health contribution levels did not occur until SOA CNA #2 expired on December 31, 2018. Employees and retirees governed by SOA CNA #2 remained subject to Chapter 78's mandatory

8

contributions until its expiration.  See N.J.S.A. 40A:10-21.2.  Therefore, since Walters retired on July 1, 2017, before SOA CNA #2 expired, he remains subject to Chapter 78's mandatory contributions during retirement.  See N.J.S.A. 40A:10-21.1.

We are unpersuaded by Walters' contention that he is exempt from Chapter 78's mandatory contributions because he completed twenty years of service prior to the expiration of PBA CNA, the agreement in effect on June 28, 2011.  Plaintiffs rely upon N.J.S.A. 40A:10-21.1(b)(3) to support this argument.[3] The reliance is misplaced.  Although Walters had completed twenty years of service prior to the expiration of PBA CNA on June 30, 2013, it is clear that N.J.S.A. 40A:10-21.1(b)(3) applies only to public employees who had twenty or more years of creditable service on June 28, 2011.  See Brick Twp. PBA Local 230 v. Brick Twp., 446 N.J. Super. 61, 70 (App. Div. 2016) ("The Statement makes clear the new provisions . . . exempt [] those who 'have [twenty] or more year[s] of service' by the bill's effective date.") (citing Senate Budget &

---

[3]  N.J.S.A. 40A:10-21.1(b)(3) states: "Employees described in paragraph (2) of this subsection who have [twenty] or more years of creditable service in one or more State or locally-administered retirement systems on the effective date of [Chapter 78] shall not be subject to the provisions of this subsection."

Appropriations Comm. Statement to S. 2937 118, 120-21 (June 16, 2011)). Walters is not exempt from Chapter 78's contribution requirements.

To support their assertion of a breach of contract argument, plaintiffs contend the language in Article XIII 1(h) of SOA CNA #2 required the Township to "provide full medical and drug plans for retired employees and their families as set forth in this Agreement." However, since Walters retired on July 1, 2017, before SOA CNA #2 expired, he is subject to that agreement's requirements of compliance with Chapter 78's mandatory contributions after retirement. See N.J.S.A. 40A:10-21.1. SOA CNA #1 required contribution by employees and retirees pursuant to the statute. SOA CNA #2 contained the same language as its predecessor agreement. As it was the governing agreement in effect upon Walters' retirement, he is bound by its provision to make mandatory health insurance contributions following his retirement.

In turning to plaintiffs' final argument, we are not convinced that equitable estoppel considerations require the Township to provide Walters with employer-paid health benefits at retirement. Plaintiffs contend they relied upon defendant's contractual promise in Article XIII 1(h) of SOA CNA #2 that it would provide medical benefits for retired employees.

But, as stated above, the provision stated such benefits would be provided "<u>as set forth in the Agreement</u>." (emphasis added). The agreement required employees and retirees to comply with Chapter 78's mandatory contributions. There is no "manifest injustice [or] legal wrong" asserted to require the invocation of equitable estoppel. <u>Middletown Twp. PBA Local No. 124 v. Twp. of Middletown</u>, 162 N.J. 361, 372 (2000) (internal quotation marks and citations omitted).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0016-18T1